UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

**SANDRA LEE,** as Parent and Natural Guardian of
**V.G.[1]**, and **SANDRA LEE, Individually**;

**YVONNE DAVIS,** as Legal Guardian
of **O.C.,** and **YVONNE DAVIS, Individually**;

**OLIVER BRUCKAUF**, as Parent and Natural Guardian of
**E.B.**, and **OLIVER BRUCKAUF, Individually**;

**SVETLANA KHANIMOVA**, as Parent and Natural
Guardian of **D.N.,** and **SVETLANA KHANIMOVA,**
**Individually**;                                                    **COMPLAINT**

**MAYLENE OTERO**, as Parent and Natural Guardian of       23-CV- 05800
**K.R.**, and **MAYLENE OTERO, Individually**;

                             Plaintiffs,
         -against-

**DAVID C. BANKS**, in his official capacity as Chancellor of
the New York City Department of Education, and the **NEW**
**YORK CITY DEPARTMENT OF EDUCATION**,

                             Defendants.
------------------------------------------------------------------X

    **PLAINTIFFS**, as Parents and Natural Guardians of their respective children, and

Individually, as and for their Complaint, allege as follows:

## PRELIMINARY STATEMENT

1.    The Individuals with Disabilities Education Act ("IDEA") offers federal funds to States in

exchange for a commitment to furnish a "free appropriate public education" ("FAPE") to all

children with certain physical or intellectual disabilities. See § 1401 (3) (A) (listing covered

disabilities).

---

[1] Although the full name of the Parent is used in the Complaint and Order to Show Cause herein, pursuant to the
Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g (and 34 C.F.R. Part 99), Plaintiff is
using the initials of the Student to protect the Student's privacy.

2.    As defined in the Act, a FAPE comprises special education and related services—instruction tailored to meet a child's unique needs, and supportive services sufficient to allow the child to benefit from the instruction.

3.    An eligible child acquires a substantive right to such an education once the State accepts IDEA's financial assistance.

4.    Under IDEA, an Individualized Education Program ("IEP") is the primary vehicle for providing a child with the promised FAPE.

5.    Each of the Student-Plaintiffs here suffers from a brain injury that adversely affects their educational abilities and performance.

6.    Each Parent-Plaintiff brought a Due Process Complaint ("DPC") against the New York City Department of Education ("DOE"), alleging, among other things, that the DOE did not offer their child a FAPE for the school year specified below.

7.    The Parent-Plaintiffs requested, among other things, an Order requiring the DOE to fund their child's educational program during the Pendency of the operative due process proceeding, as required by 20 U.S.C. § 1415 (j).

8.    During the Pendency of a Due Process Proceeding, unless the school district and the Parent agree otherwise, federal and State law requires the child to remain in their then-current educational placement. See 20 U.S.C. § 1415 (j); 34 C.F.R. § 300.518 (a); N.Y. Educ. Law § 4404(a) (McKinney).

9.    The phrase "then-current educational placement" has been found to mean either: (1) the placement described in the student's most recently implemented IEP; (2) the operative placement actually functioning at the time the due process proceeding was commenced; or (3) the placement at the time of the previously implemented IEP.

10. A student's last agreed-upon placement, or final unappealed administrative decision regarding placement, establishes a student's Pendency Placement.[2]

11. Pendency provides stability and consistency in the education of students with a disability, and prevents schools from unilaterally making decisions that would otherwise exclude disabled students from school, as was the practice before the enactment of the IDEA.

12. Parent-Plaintiffs bring this action on their behalf and for their respective children for a Pendency Order, finding that the International Academy of the Brain ("iBRAIN") is their Pendency Placement for the 2023–2024 school year ("SY").

13. Each Student-Plaintiff has a final administrative order establishing iBRAIN as their Pendency Placement for the 2023–2024 SY.

14. Each of the Parent-Plaintiffs here requests an Order declaring iBRAIN to be the Pendency Placement for each of their respective Student-Plaintiffs.

15. Since Pendency has the effect of an automatic injunction, the Plaintiffs need not meet the traditional requirements for injunctive relief, such as the likelihood of success on the merits, irreparable harm, or a balancing of the hardships to obtain a Pendency Order.

16. If the Plaintiffs are required to meet the traditional requirements for injunctive relief, they will be able to show they meet such requirements.

17. DOE's principal place of business is located at 52 Chambers Street, in the County and State of New York.

18. DOE's Impartial Hearing Order Implementation Unit is located at 65 Court Street, Room 1503, Brooklyn, New York 11201.

## JURISDICTION AND VENUE

---

[2] See *Student X v. New York City Dep't of Educ.*, No. 07-CV-2316(NGG)RER, 2008 WL 4890440, at *23 (E.D.N.Y. Oct. 30, 2008); Letter to Hampden 49 IDELR 197.

19. This case arises under a federal statute, the IDEA (20 U.S.C. § 1400 *et seq.*), and the United States Department of Education regulations, which were promulgated under authority granted by statute. 34 C.F.R. Part 300.

20. The Court has subject-matter jurisdiction of this matter under 28 U.S.C. § 1331, in that claims arise under federal law, IDEA, 28 U.S.C. § 1343(a), in that claims arise under laws providing for the protection of civil rights, and under 42 U.S.C. § 1983.

21. As much as this case involves questions about special education rights under New York State Law, this Court has supplemental jurisdiction under 28 U.S.C. § 1367.

22. This Court may grant Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, implemented through Rule 57 of the Federal Rules of Civil Procedure.

23. Under 28 U.S.C. § 1391(b), venue is properly placed within the Southern District of New York, in that Defendants DAVID C. BANKS, in his official capacity as Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION (collectively "DOE") maintain a business office in New York County.

24. Plaintiffs are entitled to costs and attorneys' fees under 42 U.S.C. § 1988(b) and 20 U.S.C. § 1415(i) if found to be prevailing parties.

## FACTUAL ALLEGATIONS

### SANDRA LEE, as Parent and Natural Guardian of V.G.

25. SANDRA LEE is the Parent and Natural Guardian of V.G.

26. V.G. is seventeen years old.

27. V.G. is a minor.

28. V.G. is a child with a disability defined by 20 U.S.C. § 1401(3).

29. V.G. is entitled to receive a FAPE and related services from DOE.

30.   At all relevant times here, Plaintiff SANDRA LEE and V.G. lived in the City of New York.

31.   Since V.G. is a student with a disability, Defendant DOE must provide him with a FAPE under IDEA and the New York Education Law. Accordingly, the DOE must provide V.G. with an IEP for every school year.

32.   On March 1, 2023, State Review Officer ("SRO") Justyn P. Bates issued SRO Decision No. 22–165, which found, among other things, that DOE denied V.G. a FAPE for the 2022– 2023 school year, that iBRAIN was an appropriate unilateral placement for V.G. from October 12, 2022, through the end of the 2022–2023 school year, and that equitable considerations favored an award of full funding for the same, including tuition, special transportation, and related services.

33.   According to 34 C.F.R. § 300.518(d), "If the hearing officer in a due process hearing conducted by the SEA or a State review official in an administrative appeal agrees with the child's parents that a change of placement is appropriate, that placement must be treated as an agreement between the State and the parents for purposes of paragraph (a) of this section."

34.   SRO Decision No. 22–165 must be treated as an agreement between the State and the parents, and thus establishes iBRAIN as V.G.'s last agreed-upon educational placement for Pendency.

35.   On June 20, 2023, Plaintiff Sandra Lee sent a Ten-Day Notice to DOE notifying them of her intent to enroll V.G. at iBRAIN for the 2023–2024 SY.

36.   On July 5, 2023, Plaintiff Sandra Lee filed a DPC seeking funding for V.G.'s placement at iBRAIN, including special transportation services, for the 2023–2024 SY.

37.   Because of SRO Bates' Decision, SRO No. 22–165, iBRAIN is V.G.'s Pendency Placement throughout his Due Process Proceedings for the 2023–2024 SY.

## YVONNE DAVIS, as Legal Guardian of O.C.

**38.** YVONNE DAVIS is the Legal Guardian of O.C.

**39.** O.C. is twelve years old.

**40.** O.C. is a minor.

**41.** O.C. is a child with a disability defined by 20 U.S.C. § 1401(3).

**42.** O.C. is entitled to receive a FAPE and related services from DOE.

**43.** At all relevant times here, Plaintiff YVONNE DAVIS and O.C. lived in the City of New York.

**44.** Since O.C. is a student with a disability, Defendant DOE must provide him with a FAPE under IDEA and the New York Education Law. Accordingly, DOE must provide O.C. with an IEP for every school year.

**45.** On October 20, 2022, Impartial Hearing Officer ("IHO") Daniel Ajello issued a final, unappealed Findings of Fact and Decision ("FOFD") in IHO Case No. 228601, which found, among other things, that DOE denied O.C. a FAPE for the 2022–2023 school year, that iBRAIN was an appropriate unilateral placement for O.C. during the 2022–2023 school year, and that equitable considerations favored an award of full funding for the same, including tuition, special transportation, and nursing services.

**46.** DOE had 40 days from October 20, 2022, to appeal—to file a verified Request for Review ("RFR") of—IHO Ajello's FOFD to the Office of State Review.

**47.** DOE did not file a verified RFR; DOE did not appeal IHO Ajello's FOFD.

**48.** IHO Ajello's FOFD for IHO Case No. 228601 is the final Order for O.C.'s 2022–2023 school year Due Process Proceedings.

49.   IHO Ajello's final Order in IHO Case No. 228601 establishes iBRAIN as O.C.'s last agreed-upon educational placement for Pendency.

50.   On June 20, 2023, Plaintiff Yvonne Davis sent a Ten-Day Notice to DOE, notifying them of her intent to enroll O.C. at iBRAIN for the 2023–2024 SY.

51.   On July 5, 2023, Plaintiff Yvonne Davis filed a DPC seeking funding for O.C.'s placement at iBRAIN, including special transportation services, for the 2023–2024 SY.

52.   Due to IHO Ajello's final Order for IHO Case No. 228601, iBRAIN is O.C.'s Pendency Placement throughout his Due Process Proceedings for the 2023–2024 school year.

**<u>OLIVER BRUCKAUF, as Parent and Natural Guardian of E.B.</u>**

53.   OLIVER BRUCKAUF is the Parent and Natural Guardian of E.B.

54.   E.B. is eight years old.

55.   E.B. is a minor.

56.   E.B. is a child with a disability defined by 20 U.S.C. § 1401(3).

57.   E.B. is entitled to receive a FAPE and related services from DOE.

58.   At all relevant times here, Plaintiff OLIVER BRUCKAUF and E.B. lived in the City of New York.

59.   Since E.B. is a student with a disability, Defendant DOE must provide her with a FAPE under IDEA and the New York Education Law. Accordingly, DOE must provide E.B. with an IEP for every school year.

60.   On November 4, 2022, IHO Alena Weiserbs issued a final, unappealed FOFD in IHO Case No. 229417, which found, among other things, that DOE denied E.B. a FAPE for the 2021–2022 and 2022–2023 school years, that iBRAIN was an appropriate unilateral placement for E.B. during the 2021–2022 and 2022–2023 school years, and that equitable considerations

7

favored an award of full funding for the same, including tuition, special transportation, and related services.

61. DOE had 40 days from November 4, 2022, to appeal—to file a verified RFR of—IHO Weiserbs' FOFD to the Office of State Review.

62. DOE did not file a verified RFR; DOE did not appeal IHO Weiserb's FOFD.

63. IHO Weiserbs' FOFD for IHO Case No. 229417 is the final Order for E.B.'s 2021–2022 and 2022–2023 school year Due Process Proceedings.

64. IHO Weiserbs's final Order in IHO Case No. 229417 establishes iBRAIN as E.B.'s last agreed-upon educational placement for Pendency.

65. On June 20, 2023, Plaintiff Oliver Bruckauf sent a Ten-Day Notice to DOE, notifying them of her intent to enroll E.B. at iBRAIN for the 2023–2024 SY.

66. On July 5, 2023, Plaintiff Oliver Bruckauf filed a DPC seeking funding for E.B.'s placement and related services at iBRAIN, including special transportation services, for the 2023–2024 SY.

67. Due to IHO Weiserbs' final Order for IHO Case No. 229417, iBRAIN is E.B.'s Pendency Placement throughout her Due Process Proceedings for the 2023–2024 SY.

## **SVETLANA KHANIMOVA, as Parent and Natural Guardian of D.N.**

68. SVETLANA KHANIMOVA is the Parent and Natural Guardian of D.N.

69. D.N. is four years old.

70. D.N. is a minor.

71. D.N. is a child with a disability defined by 20 U.S.C. § 1401(3).

72. D.N. is entitled to receive a FAPE and related services from DOE.

73. At all relevant times here, Plaintiff SVETLANA KHANIMOVA and D.N. lived in the City of New York.

74. Since D.N. is a student with a disability, Defendant DOE must provide her with a FAPE under IDEA and the New York Education Law. Accordingly, DOE must provide D.N. with an IEP for every school year.

75. On April 21, 2023, IHO Allana Alexander issued a final, unappealed FOFD in IHO Case No. 243480, which found, among other things, that DOE denied D.N. a FAPE for the 2022–2023 school year, that iBRAIN was an appropriate unilateral placement for D.N. during the 2022–2023 school year, and that equitable considerations favored an award of full funding for the same, including tuition, transportation and related services.

76. DOE had 40 days from April 21, 2023, to appeal—to file a verified RFR of IHO Alexander's FOFD to the Office of State Review.

77. DOE did not file a verified RFR; DOE did not appeal IHO Alexander's FOFD.

78. IHO Alexander's FOFD for IHO Case No. 243480 is the final Order for D.N.'s 2022–2023 school year Due Process Proceedings.

79. IHO Alexander's final Order in IHO Case No. 243480 establishes iBRAIN as D.N.'s last agreed-upon educational placement for Pendency.

80. On June 20, 2023, Plaintiff Svetlana Khanimova sent a Ten-Day Notice to DOE notifying them of her intent to enroll D.N. at iBRAIN for the 2023–2024 SY.

81. On July 5, 2023, Plaintiff Svetlana Khanimova initiated a DPC seeking funding for D.N.'s placement at iBRAIN, including special transportation services, for the 2023–2024 SY.

82. Due to IHO Alexander's final Order in IHO Case No. 243480, iBRAIN is D.N.'s proper Pendency Placement throughout her Due Process Proceedings for the 2023–2024 school year.

### MAYLENE OTERO, as Parent and Natural Guardian of K.R.

83. MAYLENE OTERO is the Parent and Natural Guardian of K.R.

84. K.R. is sixteen years old.

85. K.R. is a minor.

86. K.R. is a child with a disability defined by 20 U.S.C. § 1401(3).

87. K.R. is entitled to receive a FAPE and related services from DOE.

88. At all relevant times here, Plaintiff MAYLENE OTERO and K.R. lived in the City of New York.

89. Since K.R. is a student with a disability, Defendant DOE must provide her with a FAPE under the IDEA and the New York Education Law. Accordingly, DOE must provide K.R. with an IEP for every school year.

90. On November 30, 2021, IHO Helene Peyser issued an FOFD in IHO Case No. 205442, which found, among other things, that DOE denied K.R. a FAPE for the 2020–2021 and 2021–2022 school years, that iBRAIN was an appropriate unilateral placement for K.R. during the 2020–2021 and 2021–2022 school years, and that equitable considerations favored an award of full funding for the same, including tuition, special transportation, and related services.

91. DOE had 40 days to appeal, from November 30, 2021—to file a verified RFR of IHO Peyser's FOFD to the Office of State Review.

92. DOE did not file a verified RFR; DOE did not appeal IHO Peyser's FOFD.

93.    IHO Peyser's FOFD in IHO Case No. 205442 is the final Order for K.R.'s 2020–2021 and 2021–2022 SY Due Process Proceedings.

94.    There is no final Order regarding K.R.'s 2022–2023 Due Process Proceedings, as they are still pending at the administrative level.

95.    IHO Peyser's FOFD for K.R.'s 2020–2021 and 2021–2022 SYs remains the basis of K.R.'s Pendency, and establishes iBRAIN as K.R.'s last agreed-upon placement for Pendency until K.R.'s 2022–2023 Due Process Proceedings have resolved.

96.    On June 20, 2023, Plaintiff Maylene Otero sent a Ten-Day Notice to DOE notifying them of her intent to enroll K.R. at iBRAIN for the 2023–2024 SY.

97.    On July 5, 2023, Plaintiff Maylene Otero filed a DPC seeking funding for K.R.'s placement at iBRAIN, including special transportation services, for the 2023–2024 SY.

98.    Due to IHO Peyser's final Order in IHO Case No. 205442, iBRAIN is K.R.'s proper Pendency Placement throughout her Due Process Proceedings for the 2023–2024 school year.

## AS AND FOR A FIRST CAUSE OF ACTION

99.    Plaintiffs repeat and reaffirm each allegation set forth above as if set forth more fully herein.

100.    An action that alleges a violation of the Pendency provision falls under one exception to IDEA's requirement for the exhaustion of administrative remedies before filing suit in federal court.

101.    Pendency provides stability and consistency in the education of students with a disability, and prevents schools from unilaterally making decisions that would otherwise exclude disabled students from school, as was the practice before the enactment of the IDEA.

102. A student's last agreed-upon placement—a final, unappealed administrative order—establishes a student's current educational placement for Pendency.

103. Each Student-Plaintiff here currently attends iBRAIN and has a final administrative order establishing iBRAIN as their Pendency Placement for the 2023–2024 school year.

104. By requesting a Pendency Order declaring iBRAIN to be each Student-Plaintiff's Pendency Placement for the 2023–2024 SY, the Plaintiffs are asking the Court to order the DOE to fulfill its obligations under federal and State law—to maintain the student's status-quo educational placement during the Due Process Proceedings relative to each student's relevant Due Process Proceedings.

**RELIEF REQUESTED**

**WHEREFORE**, the Plaintiffs request that the Court:

(a) Enter a Judgment, under the Declaratory Judgment Act, declaring that each Student-Plaintiff is entitled to an order declaring their Pendency Placement/Program to be at iBRAIN during the 2023–2024 school year, which includes funding tuition at iBRAIN, and all related services, including transportation, and nursing where appropriate, during the 2023–2024 school year;

(b) Direct Defendant to pay for the costs and expenses of maintaining this action, including reasonable attorneys' fees for bringing and maintaining this action; and

(c) Grant such other, further, and different relief as this Court may deem just, proper, and equitable.

Dated: July 6, 2023
    New York, New York

Respectfully submitted,
Brain Injury Rights Group, Ltd.
*Attorneys for the Plaintiff(s)*

By:    */S/*
Rory J. Bellantoni (RB2901)
300 East 95th Street, #130
New York, New York 10128
rory@pabilaw.org

12